UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

GENE E. HARDESTY                                                              PLAINTIFF

V.                                    NO. 3:18-CV-80-BD

SOCIAL SECURITY ADMINISTRATION                                    DEFENDANT

## ORDER

I. **Introduction:**

On September 8, 2014, Gene E. Hardesty applied for disability benefits, alleging disability beginning on March 31, 2013. (Tr. at 16) Mr. Hardesty's claims were denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge (ALJ) denied Mr. Hardesty's application. (Tr. at 24-25) Mr. Hardesty requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 3) Therefore, the ALJ's decision stands as the final decision of the Commissioner. Mr. Hardesty filed this case seeking judicial review of the decision denying benefits.[1]

II. **The Commissioner's Decision:**

The ALJ found that Mr. Hardesty had not engaged in substantial gainful activity since the alleged onset date of March 31, 2013. (Tr. at 18) At step two of the five-step

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge.

1

analysis, the ALJ found that Mr. Hardesty had the following severe impairments: chronic obstructive pulmonary disease, coronary artery disease, hypertension, and gout. *Id.*

After finding that these impairments did not meet or equal a listed impairment (Tr. at 19), the ALJ determined that Mr. Hardesty had the residual functional capacity (RFC) to perform the full range of work at the sedentary exertional level, with some restrictions. (Tr. at 19-20) He could not perform foot control operations. *Id.* He could have no exposure to fumes, odors, dusts, or gases. *Id.* He could have no exposure to temperature extremes of hot or cold. *Id.*

The ALJ found that Mr. Hardesty was unable to perform any of his past relevant work. (Tr. at 23) Then, relying on the testimony of a Vocational Expert (VE), the ALJ found, based on age, education, work experience and RFC, that Mr. Hardesty could perform work in the national economy as lamp shade assembler and general office clerk. (Tr. at 24) The ALJ determined, therefore, that Mr. Hardesty was not disabled. *Id.*

### III. Discussion:

A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means "enough that a reasonable mind would find it adequate to support he ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009)(citation omitted). In making this determination, the Court must consider not only

evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

    B.   Mr. Hardesty's Arguments on Appeal

In this appeal, Mr. Hardesty maintains that the ALJ's decision to deny benefits is not supported by substantial evidence. He argues that the RFC did not fully incorporate all of his limitations and that the ALJ did not properly analyze credibility.

Mr. Hardesty had some hospitalizations for chest pain related to coronary artery disease. But in October 2012, a stress test revealed no coronary artery disease. (Tr. at 266) Cardiac exam showed normal rate and rhythm. (Tr. at 254) Chest x-ray showed no acute findings. (Tr. at 257) Normal examination findings are not indicative of disabling conditions. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). Mr. Hardesty was treated conservatively.

In November 2012, Mr. Hardesty's hypertension was noted to be controlled, but he underwent surgery for repair of his femoral artery. (Tr. at 263-264). When he was released from the hospital two days later, his pain was controlled, and he could ambulate. *Id*. At that time, he had a normal EKG and another normal chest x-ray. (Tr. at 386)

Mr. Hardesty presented to the ER in March and April 2013 for chest pain. A cardiac x-ray showed slight dextroscoliosis and interstitial markings, but normal heart

size. (Tr. at 335) In June 2014, Mr. Hardesty returned to the hospital with chest pain, but was in no acute distress; and an EKG and telemetry test was normal. (Tr. at 378) Upon discharge the following day, Mr. Hardesty was asymptomatic. *Id*. He was placed on a low salt diet. *Id*. The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). In November 2014 and November 2015, Mr. Hardesty's angina was stable. (Tr. at 606-614) He admitted that nitroglycerin helped with chest pain. (Tr. at 39-40). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

Mr. Hardesty had COPD, but he was a regular smoker; he still smoked at the time of the hearing in spite of recommendations by his providers to quit. (Tr. at 22, 46) Still, in June 2014, a chest x-ray was clear. (Tr. at 22, 400) Mr. Hardesty also complained of gout, but there is not a consistent record of examination or treatment for gout. Allopurinol helped with the symptoms. (Tr. at 47)

Mr. Hardesty was, at times, noncompliant with his medications. (Tr. at 673) A failure to follow a recommended course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005).

A claimant's RFC represents the most he can do despite the combined effects of all of credible limitations; and an RFC must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining a claimant's RFC, the ALJ has

4

a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). Mr. Hardesty's clinical exams and objective testing revealed mild conditions. His main form of care was ER visits or overnight hospitalizations, and the record shows inconsistent treatment for his conditions. Also, treatment was conservative, and medication relieved his symptoms. The RFC for sedentary work fully incorporated Mr. Hardesty's limitations.[2]

Mr. Hardesty points out that APRN Connie Nash opined he could not perform sedentary work. (Tr. at 673-677) However, most of Ms. Nash's responses on her medical source statement were "unknown" because she spent so little time with Mr. Hardesty at his office visits. *Id.* She said that her opinion that Mr. Hardesty would miss about four days of work per month was a guess based on his statements. *Id*. An ALJ is entitled to give less weight to the opinion of a treating physician where the physician's opinion is based largely on the claimant's subjective complaints rather than on objective medical evidence. *See Vandenboom v. Barnhart*, 421 F.3d 745, 749 (8th Cir. 2005).[3] The ALJ properly gave Ms. Ash's statement partial weight. He gave some weight to the opinions

---

[2] Mr. Hardesty made a cursory argument that the ALJ should have sent him for a consultative examination, but for the same reasons that the RFC was proper, the Court finds that a consultative examination was unwarranted. The record as a whole was sufficient for the ALJ to make a decision.

[3] The ALJ was not under any obligation to include in the RFC a condition that Mr. Hardesty would miss four days of work per month; Ms. Ash's opinion was not consistent with the record as a whole, and it was based on speculation.

of state-agency doctors that Mr. Hardesty could perform light work, finding that the evidence showed a further limitation to sedentary work. (Tr. at 22)

Mr. Hardesty claims the ALJ did not properly evaluate his credibility. Social Security Ruling 16-3p, 2016 SSR LEXIS 4 ("SSR 16-3p"), removed the word "credibility" from the analysis of a claimant's subjective complaints, replacing it with "consistency" of a claimant's allegations with other evidence. Ruling 16-3p became effective on March 28, 2016, and the underlying analysis incorporates the familiar factors that were in place prior to the new ruling. *Martsolf v. Colvin*, No. 6: 16-cv-00348-NKL, 2017 U.S. Dist. LEXIS 2748 (W.D. Mo. Jan. 9, 2017). The ALJ must still consider all evidence relating to subjective complaints, including: 1) prior work record; 2) the claimant's daily activities; 3) the duration, frequency, and intensity of pain; 4) precipitating and aggravating factors; 5) dosage, effectiveness and side effects of medication; and 6) functional restrictions. *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984).

Here, the ALJ considered mild findings and conservative treatment. He noted that Mr. Hardesty's symptoms improved with medication and noted that Mr. Hardesty continued to smoke despite his doctor's recommendation to stop smoking. *See Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997)(the ALJ correctly discounted claimant's credibility when claimant failed to stop smoking despite physician's orders). Also, Mr. Hardesty was able to perform some chores, attend to personal care, and drive—activities

that are inconsistent with total disability. (Tr. at 41) The ALJ properly considered the *Polaski* factors in analyzing Mr. Hardesty's subjective complaints.

## IV. **Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The RFC fully incorporated all of Mr. Hardesty's limitations; and the ALJ's credibility analysis was proper. The finding that Mr. Hardesty was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is, affirmed. The case is dismissed, with prejudice.

IT IS SO ORDERED, this 24th day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE